Filed 1/11/24  Lopez v. Valdez CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| ARTHUR LOPEZ,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>ROBERT VALDEZ,<br><br>    Defendant and Respondent. | B324256<br><br>(Los Angeles County Super. Ct. No. 22STRO05463) |

APPEAL from an order of the Superior Court of
Los Angeles County, Patricia A. Young, Judge.  Affirmed.

Arthur Lopez, in pro. per., for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

————————————

# FACTUAL AND PROCEDURAL BACKGROUND

Arthur Lopez, representing himself, appeals from an order denying his petition for a civil harassment restraining order against his ex-wife Cheryl Lopez's "associate" Robert Valdez, who Lopez claimed in his petition is involved in drug trafficking, prostitution, and other criminal activities. In his petition Lopez alleged that on May 14, 2022 Valdez, having been served with a subpoena in another (apparently related) case, "became violent and proceeded to assault [Lopez] with repeated threats of bodily harm and pursued [Lopez] as part of his assault," even though Lopez "was standing over a block away on a public sidewalk." Lopez further alleged Valdez followed up the assault with written threats to rape and injure Lopez. Attached to Lopez's petition were several text messages containing threats to do bodily harm to Lopez. Lopez also alleged Valdez was involved in repossessing cars, colluded with Cheryl Lopez "to withhold" Lopez's car from him, was evading service, and gave false testimony in an Orange County Superior Court case.

The trial court, after finding Valdez was evading service, granted Lopez's request to serve Valdez by mail and continued the hearing on the petition. A month later, Lopez (remotely) and Valdez (in person) appeared at the continued hearing. The proceedings were transcribed by a court reporter. The court's minute order states that both parties testified and that the court received into evidence text messages submitted by Valdez. The order states: "The Court finds the party requesting the order of protection did not sustain the applicable burden of proof and accordingly the request is denied. Any temporary restraining

order earlier issued[1] is hereby dissolved.  [¶]  The case is ordered dismissed with prejudice."  Lopez timely appealed.

In his designation of the record on appeal, however, Lopez checked the box stating he was choosing to proceed without a reporter's transcript of what was said at the hearing in the superior court.  Lopez checked the box stating:  "I understand that without a record of the oral proceedings in the superior court, the Court of Appeal will not be able to consider what was said during those proceedings in deciding whether an error was made in the superior court proceedings."

## DISCUSSION

Lopez sought a restraining order against Valdez under Code of Civil Procedure section 527.6, which "was enacted 'to protect the individual's right to pursue safety, happiness and privacy as guaranteed by the California Constitution.' [Citations.]  It does so by providing expedited injunctive relief to victims of harassment." (*Brekke v. Wills* (2005) 125 Cal.App.4th 1400, 1412; see *Duronslet v. Kamps* (2012) 203 Cal.App.4th 717, 724.)  Section 527.6, subdivision (a)(1), provides a "person who has suffered harassment . . . may seek a temporary restraining order and an order after hearing prohibiting harassment as provided in this section."  If the court finds "by clear and convincing evidence that unlawful harassment exists, an order shall issue prohibiting the harassment."  (§ 527.6, subd. (i).)

"The elements of unlawful harassment, as defined by the language in [Code of Civil Procedure] section 527.6, are as follows: (1) 'a knowing and willful course of conduct' entailing a

---

1    There was no earlier-issued temporary restraining order.

3

'pattern' of 'a series of acts over a period of time, however short, evidencing a continuity of purpose'; (2) 'directed at a specific person'; (3) 'which seriously alarms, annoys, or harasses the person'; (4) 'which serves no legitimate purpose'; (5) which 'would cause a reasonable person to suffer substantial emotional distress' and 'actually cause[s] substantial emotional distress to the plaintiff'; and (6) which is not a '[c]onstitutionally protected activity.'" (*Schild v. Rubin* (1991) 232 Cal.App.3d 755, 762.) A course of conduct under section 527.6 includes "following or stalking an individual, making harassing telephone calls to an individual, or sending harassing correspondence to an individual by any means, including, but not limited to, the use of public or private mails, interoffice mail, facsimile, or email." (§ 527.6, subd. (b)(1); see *Harris v. Stampolis* (2016) 248 Cal.App.4th 484, 497.) "'The quick, injunctive relief provided by section 527.6 "lies only to prevent threatened injury"—that is, future wrongs'—and 'is not intended to punish the restrained party for past acts of harassment.'" (*Olson v. Doe* (2022) 12 Cal.5th 669, 678.)

Where the defendant appeals from an order granting a civil harassment restraining order, we review the trial court's findings for substantial evidence and the court's ultimate ruling for abuse of discretion. (*Parisi v. Mazzaferro* (2016) 5 Cal.App.5th 1219, 1226, disapproved on another ground in *Conservatorship of O.B.* (2020) 9 Cal.5th 989, 1003, fn. 4; *Harris v. Stampolis*, *supra*, 248 Cal.App.4th at p. 497; *R.D. v. P.M.* (2011) 202 Cal.App.4th 181, 188.) We "'resolve all conflicts in the evidence in favor of . . . the prevailing party, and indulge all legitimate and reasonable inferences in favor of upholding the trial court's findings.'" (*Parisi*, at p. 1226; see *Reynauld v. Technicolor Creative Services USA, Inc.* (2020) 46 Cal.App.5th 1007, 1015; *Maaso v. Signer*

4

(2012) 203 Cal.App.4th 362, 371; see also *Conservatorship of O.B.*, at p. 1005 ["when presented with a challenge to the sufficiency of the evidence associated with a finding requiring clear and convincing evidence, the court must determine whether the record, viewed as a whole, contains substantial evidence from which a reasonable trier of fact could have made the finding of high probability demanded by this standard of proof"].)

Where the plaintiff appeals from an order denying a request for restraining order, however, the standard of review is different. "The party seeking a restraining order bears the burden of establishing the circumstances justifying the order. [Citation.] "In the case where the trier of fact has expressly or implicitly concluded that the party with the burden of proof did not carry the burden and that party appeals, it is misleading to characterize the failure-of-proof issue as whether substantial evidence supports the judgment. . . . [Instead] the question for a reviewing court becomes whether the evidence compels a finding in favor of the appellant as a matter of law . . . .""" (*Jan F. v. Natalie F.* (2023) 96 Cal.App.5th 583, 593.) Where, as here "the issue on appeal turns on a failure of proof at trial," the question is "whether the appellant's evidence was (1) uncontradicted and unimpeached and (2) of such a character and weight as to leave no room for a judicial determination that it was insufficient to support a finding." (*SwiftAir, LLC v. Southwest Airlines Co.* (2022) 77 Cal.App.5th 46, 59, internal quotation marks and citations omitted.)

Lopez cannot show that the evidence is uncontradicted and unimpeached or that it compels a finding in his favor as a matter of law because there is not an adequate record of what happened at the trial. Though Lopez signed his declaration in support of

5

the petition under penalty of perjury, there is nothing in the record indicating the court received it into evidence or otherwise considered it. The court's order refers only to the parties' sworn testimony at the trial. As stated, Lopez chose to proceed with this appeal without a reporter's transcript of the trial. Without a reporter's transcript (or a settled statement describing what the testimony was), Lopez cannot show, and we have no way of evaluating whether, the testimony of the parties and whatever text messages were introduced into evidence[2] compel a finding Lopez was entitled to a restraining order as a matter of law. As the Supreme Court has explained, the "lack of a verbatim record of such proceedings will frequently be fatal to a litigant's ability to have his or her claims of trial court error resolved on the merits by an appellate court. This is so because it is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609.) And where, as here, ""the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed.""" (*Id.* at p. 609; see *Ballard v. Uribe* (1986) 41 Cal.3d 564, 574 [by failing to provide a reporter's transcript or a settled statement, the appellant could not meet his burden of showing prejudicial error].)

---

[2] As stated, the trial court's order said Valdez introduced a group of text messages as an exhibit. It is unclear whether anyone introduced into evidence the text messages Lopez attached to his petition.

In his opening brief, Lopez repeats the allegations in his petition, including his claim Valdez threatened him on May 14, 2022. Lopez also repeats his allegations Valdez sent him threatening text messages, was involved in prostitution and sex trafficking, evaded service of process, and perjured himself in a family law case, all of which, Lopez argues, entitled him to a restraining order under Code of Civil Procedure section 527.6. Lopez, however, has not cited any evidence in the clerk's transcript (the only record there is), thus forfeiting the argument on appeal. (See *L.O. v. Kilrain* (2023) 96 Cal.App.5th 616, 629 [appellant forfeited challenge to civil harassment restraining orders by failing "to appropriately cite the record" and "failing to set forth the evidence offered to support those orders"]; *Alki Partners, LP v. DB Fund Services, LLC* (2016) 4 Cal.App.5th 574, 589 ["An appellant who fails to cite accurately to the record forfeits the issue or argument on appeal that is presented without the record reference."].) Although whenever possible we will not strictly apply technical rules of procedure in a manner that deprives a self-represented litigant of a hearing, we nevertheless must apply the procedural and substantive principles and rules of appellate review to a self-represented litigant's arguments on appeal, just as we would to arguments by litigants represented by attorneys. (See *In re Marriage of Furie* (2017) 16 Cal.App.5th 816, 824; *Hopkins & Carley v. Gens* (2011) 200 Cal.App.4th 1401, 1413-1414.)

## DISPOSITION

Lopez's motion to augment is denied.  Lopez's oral motion for judicial notice is denied.  The order denying Lopez's petition for a restraining order is affirmed.

SEGAL, Acting P. J.

We concur:

FEUER, P. J.

EVENSON, J.*

---

*      Judge of the Alameda County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.